NOT DESIGNATED FOR PUBLICATION

Nos. 126,229
126,230
126,232

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMMY DUANE JAHAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed November 8, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ATCHESON, P.J., HURST and PICKERING, JJ.

HURST, J.: Sammy Duane Jahay appeals from the district court's revocation of his probation and imposition of his consecutive underlying prison sentences in three cases that are consolidated on appeal. Jahay claims that his ability to comply with the terms and conditions of his probation was hindered by housing instability and addiction, and thus the district court's decision was unreasonable and constituted an abuse of its discretion. After granting Jahay numerous opportunities to commit to drug treatment and comply with the terms and conditions of his probation, the district court determined that Jahay was not availing himself of these opportunities and revoked his probation. Under these circumstances, this court cannot say that the district court's decision to revoke Jahay's

1

probation at the sixth probation violation hearing was unreasonable. The district court's decision is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In reviewing Jahay's appeal, it is necessary for this court to detail the extensive history of Jahay's repeated probation violations and the district court's disposition of each. On October 18, 2018, Jahay pled no contest to possession of methamphetamine in two cases pursuant to a plea agreement in each case. In case No. 2017-CR-000359 (case 359), Jahay pled no contests to possession of methamphetamine for conduct in June 2017, and the State dismissed the associated drug paraphernalia charge. At the same hearing, Jahay also pled no contest to one count of possession of methamphetamine in case No. 2018-CR-000444 (case 444) for his conduct in August 2018, and the State dismissed the three remaining charges in that case.

Following the plea hearing, the court released Jahay on his own recognizance and ordered him to return on December 28, 2018, for sentencing. Before sentencing, Jahay submitted a urinalysis on November 6, 2018, which later confirmed the presence of methamphetamine or amphetamines in violation of Jahay's bond conditions. The district court served an arrest warrant on November 29, 2018, based on that bond violation, and Jahay awaited sentencing in custody. The district court sentenced Jahay to 20 months' imprisonment and 12 months' postrelease supervision in case 359 but suspended the sentence to 18 months of probation under Senate Bill 123's mandatory drug treatment provision. See K.S.A. 21-6824. The district court then found that sentencing in case 444 was subject to a special rule requiring it to run consecutive to Jahay's sentence in case 359 because he committed the criminal conduct in case 444 while on bond in case 359. The district court added that it had discretion under that special rule to sentence Jahay to prison but that the mandatory drug treatment part of the rule "trump[ed] the special rule" so that the court did not "really have discretion to send [Jahay] to prison."

2

In consideration of these parameters, the district court sentenced Jahay to 20 months' imprisonment with 12 months' postrelease supervision in case 444 to run consecutive to the sentence in case 359 and suspended the prison term to 18 months of probation. While Jahay's underlying sentences were consecutive, his probations would be concurrent. This meant that Jahay was "on probation in both cases at the same time," so that if he "violate[d] one, [he] also violate[d] the other one." The district court reiterated that Jahay had "separate cases, concurrent probations," and "40 months hanging" on the success of his probation.

*The First Violation Hearing*

On May 22, 2020, the district court held a hearing on the State's allegations that Jahay violated his probation in both case 359 and case 444. Jahay admitted to several probation violations at that hearing, including: (1) ingesting methamphetamine on February 18, 2019; (2) testing positive for methamphetamine on March 7, 2019, after denying methamphetamine use; failing to report to his corrections officer on multiple occasions in 2019; and (3) failing to attend outpatient drug treatment on multiple occasions—and not at all after March 5, 2019. For the violations, the district court imposed a three-day jail sanction, released Jahay the same day for time served, and extended Jahay's probation for one year from the date of the hearing. The disposition, including the sanction and the probation extension, applied to both cases.

*The Second Probation Violation Hearing*

In July 2020, the State alleged that Jahay failed to enter inpatient drug treatment as required and that he committed a new offense while on probation that resulted in a charge of possession of methamphetamine in case No. 2020-CR-000251 (case 251). At the September 17, 2020 probation violation hearing, the parties presented a plea agreement in which Jahay agreed to admit without entering a guilty plea "that the [S]tate would be able

3

to introduce that evidence [in support of the new possession of methamphetamine charge], meet its evidentiary burden, and that [the State] could establish for this limited hearing that a new crime ha[d] been committed." The parties also agreed that the defense would admit to the violation for failure to enter the inpatient drug treatment. Through the plea agreement, the parties recommended that Jahay receive a 60-day jail sanction and be released for time served and that Jahay would remain in custody with a cash surety bond for the new case until an inpatient drug treatment bed became available. The district court confirmed that Jahay understood that the court could revoke Jahay's probation and impose the original sentence in both case 359 and case 444 based on his plea agreement admissions. The court ordered a 60-day jail sanction with credit for time served and extended Jahay's probation for 12 months from the date of the hearing for both cases.

At the same September 17, 2020 hearing, Jahay also waived his right to a preliminary hearing in case 251. In exchange for Jahay's plea of no contest to the possession of methamphetamine charge, the State agreed to "stand silent and not get in the way of [Jahay's] seeking or filing a motion for corrections in this case, giving him another chance at treatment." The State suggested that the sentence in case 251 was required to run consecutive to the two underlying 20-month prison sentences because the "[s]pecial rule for a third or subsequent would be in play." The district court accepted the plea and found Jahay guilty of the possession of methamphetamine charge.

At the sentencing hearing on November 13, 2020, for case 251, the district court found that both Special Rules 9 and 26 applied. Special Rule 9 applied because Jahay committed the offense while on probation, and Special Rule 26 applied because case 251 was Jahay's third or subsequent drug conviction. In accordance with Jahay's motion for dispositional departure, the district court found substantial and compelling reasons to depart from the presumptive prison sentence and sentenced Jahay in case 251 to a 20-month underlying prison term with 12 months of postrelease supervision, suspended to

4

12 months of probation. The district court ordered the underlying prison sentence in case 251 to run consecutive to the underlying prison sentences in case 359 and case 444.

*The Third Probation Violation Hearing*

In December 2020, the State alleged Jahay yet again violated the terms of his probation in all three cases by committing new crimes of possession of methamphetamine; driving with a suspended license (with two or more prior convictions); and possession of drug paraphernalia, as charged in case No. 2020-CR-000472 (case 472). On March 30, 2021, the district court held a violation hearing in which the State proceeded on the second and third counts but not the possession of methamphetamine charge. After hearing testimony and receiving evidence, the court found that the information presented to prove by a preponderance of the evidence that Jahay, while on probation, committed the new crimes of driving while suspended and possession of drug paraphernalia.

The State requested that the district court revoke Jahay's probation and impose his underlying sentences based on his criminal history and lack of willingness to "abide by the rules to change his behaviors to actually take the steps needed to live a sober life." The community corrections officer recommended a 120-day jail sanction. Jahay argued that revocation and imposition of the underlying 60-month sentence would be unnecessarily severe based on the misdemeanor offenses. Even though the district court determined it was not required to impose graduated intermediate sanctions because Jahay committed a new crime while on probation, the court imposed a 120-day jail sanction, essentially granting Jahay the benefit of the graduated sanctions scheme in all three cases.

*The Fourth Probation Revocation Hearing*

After Jahay served that sanction, once again community corrections alleged Jahay violated the terms of his probation because he tested positive for methamphetamine on November 5, 2021, and failed to report to his community corrections officer on November 9, 2021. On January 14, 2022, the district court held a hearing in all three cases (359, 444, and 251) where Jahay admitted to the probation violations. While the district court's journal entry for this proceeding appears to have a clerical error on the date, the journal entry matches the district court's oral pronouncement of a 60-day jail sanction. The court declined to extend the probation period and explained that "it would be lovely if [Jahay] could be successful on probation until [his] September date." At that time, Jahay was just nine months from completing probation.

*The Fifth Probation Revocation Hearing*

Unfortunately, Jahay was unsuccessful during those nine months, and in June 2022, community corrections filed yet another affidavit alleging that Jahay violated his probation because he failed to report to the office and submit to drug testing. Jahay was arrested on August 27, 2022, and then a couple of weeks later, community corrections filed an amended affidavit alleging that Jahay failed to report after bonding out of jail on August 28, 2022. On October 19, 2022, the district court found—based on Jahay's admission—that he violated his probation in all three cases by failing to submit to drug testing on June 23, 2022, and failing to report to his corrections officer from March 22, 2022, to l April 29, 2022; from April 29, 2022, to June 23, 2022; and after bonding out of jail on August 28, 2022. The court imposed another 60-day jail sanction for the violations and extended Jahay's probation for another six months from the date of the hearing.

6

*The Sixth Probation Revocation Hearing*

Just a few months later, community corrections filed yet another affidavit alleging Jahay violated his probation because he admitted to ingesting methamphetamine on December 2, 2022; tested positive for methamphetamine on December 20, 2022; and failed to report to community corrections from December 20, 2022, until January 11, 2023. After discussing the allegations and his rights in a hearing, the district court found that Jahay knowingly and voluntarily waived his rights to an evidentiary hearing and admitted to the alleged probation violations. Considering these new violations, the State asked the district court to revoke Jahay's probation in all three cases. Jahay opposed the revocation and called his part-time employer as a witness, who testified that Jahay was dependable and that the employer would offer him full-time employment to accommodate his probation appointments. Jahay argued that he intended to find stable housing and additional work with his employer to pay the "fines, fees, and costs . . . and get this portion of his life behind him."

The district court was ultimately unpersuaded by Jahay's arguments and revoked Jahay's probation in all three cases. The court imposed the underlying consecutive 20-month prison terms for a total of 60 months' imprisonment. In reaching that decision, the district court acknowledged Jahay's long, multi-case history of probation violations and ineffective jail sanctions. The court explained: "I did make it clear that it was his last opportunity, that six probation violations is more than enough in my opinion, when we continue to deal with the same exact thing that we started dealing with in 2020." The district court's journal entries reflect the probation revocation.

Jahay appealed, and this court consolidated all three cases on appeal. On January 10, 2024, Jahay moved for summary disposition of his appeal in accordance with Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48), and the State did not respond. Jahay's motion was granted.

7

While Jahay concedes that the district court had the legal authority to revoke his probation, Jahay claims the court's decision was an abuse of discretion. After the court established that Jahay violated his probation—which Jahay does not dispute—the district court had discretion to revoke his probation as permitted by applicable statutes. See K.S.A. 22-3716(c)(1)(C) (permitting probation revocation after imposition of intermediate sanctions); K.S.A. 22-3716(c)(7)(B) (permitting probation revocation when the original sentence resulted from a dispositional departure); *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Despite the district court's authority to revoke his probation, Jahay argues that the court should have considered his addiction and housing instability as causes for his probation violations. Jahay alleges that the district court's failure to consider these causes and his willingness to seek services to overcome these obstacles was unreasonable and constituted an abuse of discretion.

A district court abuses its discretion when its action is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). Jahay does not allege a legal or factual error but that the district court's action was arbitrary, fanciful, or unreasonable given his addiction, housing instability, and willingness to seek treatment. Given the circumstances surrounding the court's ultimate revocation decision, Jahay's arguments are unpersuasive.

Jahay repeatedly and consistently violated his probation in ways that demonstrated his inability to overcome his addiction and unwillingness to avail himself of treatment opportunities. In fact, during what was supposed to be an 18-month probation term, the State sought to revoke Jahay's probation six separate times based on substantial violations. Rather than revoke Jahay's probation at its earliest opportunity, the district court granted Jahay multiple chances and imposed numerous jail sanctions and probation extensions. The court followed the applicable statutory requirements in all three cases

8

and even granted intermediate sanctions for violations when none were required. See K.S.A. 22-3716(c)(1)(C) (requiring intermediate sanctions in certain cases before the court may revoke probation); K.S.A. 22-3716(c)(7)(B) (permitting revocation of probation without intermediate sanctions when the sentence resulted from a dispositional departure); K.S.A. 22-3716(c)(7)(C) (permitting revocation of probation without intermediate sanctions when the offender commits a new crime while on probation). Jahay's repeated violations, including the commission of new drug-related crimes, resulted in Jahay spending several months in custody. The district court expressed hoped that these sanctions would motivate Jahay to comply with the terms and conditions of his probation.  That hope was misplaced.

Despite the district court's aim and the repeated opportunities it granted, Jahay failed to dedicate himself to drug treatment opportunities and repeatedly violated serious terms of his probation. While Jahay encountered obstacles associated with his seasonal agricultural employment, location, and COVID, the record also reflects that Jahay failed to prioritize his probation requirements. Throughout the many hearings, the district court made it clear that it had the authority to revoke Jahay's probation and that it was imposing jail sanctions in hope that Jahay could avail himself of the opportunity to successfully complete probation and avoid imprisonment.  Given the district court's repeated imposition of intermediate sanctions and Jahay's continued failure to comply with his probation requirements, this court cannot say that the district court acted unreasonably when it finally revoked Jahay's probation. See, e.g., *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (When not otherwise prohibited by law, the district court abuses its discretion by revoking probation "when no reasonable person would have taken" the same position.). Jahay failed to show that the district court abused its discretion.

9

CONCLUSION

Jahay repeatedly violated the terms and conditions of his probation, even after the district court afforded him multiple opportunities. Under these circumstances, the district court's revocation of Jahay's probation was not unreasonable and Jahay failed to show that the court abused its discretion.

Affirmed.